**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARKETWIRE, INC.,**

                    **Plaintiff,**              5:15-cv-998
                                                               (GLS/DEP)

                    **v.**

**VITO WILLIAM LUCCHETTI et al.,**

                    **Defendants.**
_____

## SUMMARY ORDER

    Plaintiff Marketwire, Inc. commenced this action against defendants Vito William Lucchetti and Patricia Ann Lucchetti-Smith,[1] as well as MacReport.net Media Publishing, Inc., The MacReport.net, Inc., and MacReport.net Online, Inc. (collectively "the MacReport defendants"), alleging breach of contract, unjust enrichment, and account stated claims related to defendants failure to pay Marketwire an outstanding balance. (*See generally* Am. Compl., Dkt. No. 9.) Pending is plaintiff's motion for default judgment against Lucchetti and the MacReport defendants. (Dkt. No. 33.) For the reasons that follow, the motion is granted.

    Briefly, the background of the instant action is as follows. For ten

---

[1] By stipulation of the parties, the claims against Lucchetti-Smith were dismissed in March 2016. (Dkt. No. 40.)

years, Marketwire provided the MacReport defendants with press release distribution services at a discounted rate of $80 for each press release. (Am. Compl. ¶¶ 4, 21.)  In October 2013, the MacReport defendants began to fall behind on payment of their invoices. (*Id.* ¶ 22.)  On September 10, 2014, after the MacReport defendants ceased paying the invoices altogether, Marketwire began attempts to establish a payment plan by which the outstanding amounts would be repaid. (*Id.* ¶¶ 23-25.)  Ultimately, on November 25, 2014, Marketwire sent a demand letter to the MacReport defendants for the amount of $380,884.00. (*Id.* ¶ 29.)  On December 1, 2015, Lucchetti, one of the principals of the MacReport defendants, responded by email to the demand letter and stated that he needed "a little more time to start making payments" until he was able to secure financing and, further, that he would "start making payments as soon as possible." (*Id.* ¶¶ 9, 31; Dkt. No. 42, Attach. 1 at 2.)  Nevertheless, no further payments were ever made. (Am. Compl. ¶ 32.)

On August 17, 2015, Marketwire commenced this action. (*See generally* Compl., Dkt. No. 1.)  Lucchetti and the MacReport defendants were served with process on December 24, 28, and 29, 2015. (Dkt. No. 33, Attach. 3 at 2-5.)  However, neither Lucchetti nor the MacReport

defendants have yet filed an appropriate responsive pleading or otherwise appeared in this action, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). On March 7, 2016, plaintiff filed a request for entry of default against Lucchetti and the MacReport defendants, pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55.1, (Dkt. No. 31), which the Clerk entered on that date, (Dkt. No. 32). Marketwire now moves for a default judgment against Lucchetti and the MacReport defendants, seeking: (1) the principal sum of $380,884; (2) prejudgment interest; and (3) a total of $1,945.10 in costs and disbursements. (Dkt. No. 33 at 1; Dkt. No. 33, Attach. 4 at 2.)

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Damages[ ] which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Id.* In determining the propriety of damage claims, however, a hearing is not required where the court is able to "rely on detailed affidavits or documentary evidence . . .

3

to evaluate the proposed sum." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Upon a review of Marketwire's unopposed submissions and calculations, the court finds that its claim for damages is supported as detailed below.

In support of its motion, Marketwire submitted the November 25, 2014 demand letter, a list of the outstanding invoices, and Lucchetti's email response to the demand letter. (Dkt. No. 42, Attach. 1.) These documents indicate that Marketwire is owed $380,884 on unpaid invoices. (*Id.* at 4.)

Marketwire also seek prejudgment interest of nine percent per annum. (Dkt. No. 33, Attach. 4 at 2.) In diversity cases such as this one, the award of prejudgment interest is a substantive issue, which, in this case, is governed by New York law. *See Gov't Emps. Ins. Co. v. IAV Med. Supply, Inc.*, No. 11-CV-4261, 2013 WL 764735, at *8 (E.D.N.Y. Feb. 8, 2013). Rule 5001 of the New York Civil Practice Law and Rules provides, in pertinent part, that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. 5001(a); *see, e.g.*, *J. D'Addario & Co., Inc. v. Embassy Indus., Inc.*, 20 N.Y.3d 113, 117-18 (2012). Courts ordinarily apply a statutory interest rate of nine percent per annum in determining prejudgment interest under New York

law. *See* N.Y. C.P.L.R. 5004. When presented with multiple contract breaches at various times, the court has the discretion to award interest "upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b); *Pac. Westeel, Inc.*, 2003 WL 22359512, at *3 ("When precision isn't practicable, [N.Y. C.P.L.R. 5001(b)] allows the fact-trier to select a single reasonable intermediate date from which the interest may be computed on all of the items together.") (internal quotation marks and citations omitted)). "'[W]here damages are incurred at various times after the cause of action accrues, [N.Y. C.P.L.R. rule] 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest.'" *Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 435 (S.D.N.Y. 2004) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)); *see Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 596 (E.D.N.Y. 2005).

Here, Marketwire's cause of action existed on the date the contracts were breached, beginning on October 21, 2013. (Am. Compl. ¶ 22; Dkt. No. 42, Attach. 1 at 7.) Marketwire seeks prejudgment interest beginning on September 10, 2014, when they contacted the MacReport defendants seeking payment on the unpaid balances. (Am. Compl. ¶ 23; Dkt. No. 33,

5

Attach. 4 at 2.) The court agrees that this is a reasonable intermediate date. Accordingly, prejudgment interest shall run from September 10, 2014 through the date of this order. Interest on the principal amount of $380,884 from September 10, 2014 to July 26, 2016 at the nine percent rate amounts to $64,332.87. Marketwire is thus entitled to $380,884, plus $64,332.87 in prejudgment interest accrued as of July 26, 2016.

Lastly, with respect to Marketwire's request for costs and disbursements, (Dkt. No. 33, Attach. 4 at 2), it has submitted invoices totaling $1,483.20 for service of process on all five defendants. (Dkt. No. 42, Attach. 3 at 2-4.) However, as Lucchetti-Smith is not a defaulting defendant, the court will not reimburse Marketwire for her service of process. Accordingly, the court will award only $1,145.10 in process server fees, as well as $400 for this court's filing fee. (Dkt. No. 33, Attach. 4 at 2; Dkt. No. 42, Attach. 3 at 3.)

**ACCORDINGLY**, it is hereby

**ORDERED** that plaintiff's motion for default judgment (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment against Vito William Lucchetti, MacReport.net Media Publishing, Inc., The

MacReport.net, Inc., and MacReport.net Online, Inc., in the amount of $380,884 for the balance owing on unpaid invoices, plus $64,332.87 in pre-judgment interest, and $1,545.10 in costs and disbursements; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 26, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge